IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) |
| | ) No. 10-233 |
| v. | ) |

KEITH REDMAN

## OPINION AND ORDER

### SYNOPSIS

Before the Court is Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255. In this action, Defendant pleaded guilty to violating 21 U.S.C. § 846, the lesser included offense of one Count of a superseding indictment. He was sentenced on March 20, 2012. He appealed, and the Government responded by seeking to enforce the appellate waiver in Defendant's plea agreement. On September 20, 2012, the Court of Appeals issued an Order enforcing the waiver. On February 27, 2015, Defendant filed the present Motion. For the following reasons, the Motion will be denied as time-barred.

### OPINION

#### I. APPLICABLE STANDARDS

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v.Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). Under these standards, a hearing is unnecessary in this case, and the Motion will be disposed of on the record.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair

1

procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L.Ed. 2d 417 (1962). "A person seeking to vacate his conviction bears the burden of proof upon each ground presented for relief." United States v. Keyes, No. 93-22-2, 1997 U.S. Dist. LEXIS 12109, at *2 (E. D. Pa. Aug. 11, 1997). Conclusory allegations are insufficient to support § 2255 relief. United States v. Atkinson, No. 10-247, 2010 U.S. Dist. LEXIS 54812, at *2 (W.D. Pa. June 4, 2010).

Finally, a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 s. ct. 285, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). I have considered Defendant's Motion according to these standards.

## II. DEFENDANT'S MOTION

Defendant contends that he received misinformation impacting his decision to plead guilty. More particularly, he avers that the Court, Government counsel, and defense counsel misled him into believing that he qualified as a career offender, when in fact he did not. The Government opposes the Motion as untimely, and contends that Defendant is otherwise not entitled to relief.

Section 2255 imposes a one-year limitation period, which runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). In this case, Defendant was sentenced on March 20, 2012. On September 20, 2012, the Court of Appeals issued an order enforcing Defendant's appellate waiver. Defendant did not file a writ of certiorari. Accordingly, for purposes of § 2255(f)(1), the latest date that Defendant's conviction could have become final is ninety days after the Court of Appeals for the Third Circuit enforced the waiver. Kapral v.

United States, 166 F.3d 565, 570-71 (3d Cir. 1999). This Motion was filed on February 27, 2015, and dated February 24, 2015. Both dates are long after December 19, 2013, when the one-year limitation period expired. Exceptions to the bar may exist if the Government created an impediment to filing the petition; the Supreme Court created a new, retroactively applicable right; or that Defendant, exercising due diligence, could not have discovered key facts supporting his claim. 28 U.S.C. § 2255(f).

Defendant has not alleged a Government impediment, a new right, or newly discovered key facts. Because of the potential for harsh results occasioned by the limitations period, however, I will consider whether equitable tolling applies. Equitable tolling may apply when a defendant has "in some extraordinary way…been prevented from asserting his or her rights." Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling is a remedy which should be invoked sparingly. United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998). It "is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" Miller, 145 F.3d at 618. In addition, a defendant must demonstrate that he exercised reasonable diligence in investigating and bringing his claims; excusable neglect is not enough. Id. at 618-19.

Here, Defendant explains the time lag by stating that he "has diligently pursued his issue contacting lawyers and studying case law" but was told that he had waived all his rights to challenge his sentence. Defendant attaches as an exhibit a detailed, thoughtful, and thorough letter dated August 7, 2013, from an attorney following up on his promise to assess potential challenges to Defendant's conviction and sentence. In that letter, counsel advised Defendant of the time bar, in bold and underlined font, and warned him that he must file any Section 2255

3

Motion no later than December 19, 2013. Under the circumstances, Defendant's explanation for filing his Motion in February, 2015, does not warrant equitable tolling of the limitations period.[1]

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

### CONCLUSION

In sum, Defendant's Motion is time-barred, and must be denied. No certificate of appealability shall issue. An appropriate Order follows.

### ORDER

AND NOW, this 14th day of May, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate is DENIED. No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court

---

[1] Neither the Government nor Defendant fully addresses the waiver of Defendant's collateral attack rights attendant to his guilty plea. I note, however, that such a waiver existed in this case. Although courts have acknowledged ethical issues surrounding waivers of the right to collateral attack, such waivers continue to be enforced within this Circuit. See, e.g., United States v. Grimes, 739 F. 3d 125 (3d Cir. 2014); United States v. Campbell, 2014 U.S. Dist. LEXIS 109554 (W.D. Pa. Aug. 8, 2014) . Even if Defendant's Motion were timely filed, the waiver would likely bar his pursuit thereof.

4