# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
|---|---|---|
| | ) | CR 10-233 |
| v. | ) | CV 16-1310 |
| KEITH REDMAN | | |

**MEMORANDUM ORDER**

In this matter, by Order dated May 14, 2015, I denied Defendant's first Motion pursuant to 18 U.S.C. § 2255. Presently before the Court is another Section 2255 Motion, raising grounds other than Johnson. Pursuant to 28 U.S.C. § 2255(h), a second or successive petition must be certified by a panel of the appropriate court of appeals; absent such certification, this Court cannot entertain his petition.

To the extent that Defendant seeks relief pursuant to 28 U.S.C. § 2241, he cannot do so. Section 2241 is limited in scope, and is unavailable unless Section 2255 is "inadequate or ineffective" to test the legality of Defendant's detention. Gardner v. Warden Lewisburg USP, 845 F.3d 99, 102 (3d Cir. 2017). Defendant argues that his claim of actual innocence, pursuant to Burrage v. United States, 134 S. Ct. 881, 187 L. Ed. 2d 715 (2014), renders Section 2241 available to him. Even assuming the applicability of Barrage to this case, however, a defendant may not pursue Burrage arguments in a Section 2241 petition. See, e.g., Upshaw v. Lewisburg USP, 634 Fed. Appx. 357, 359 (3d Cir. 2016). Even under liberal standards applicable to pro se filings, Defendant's Motion must denied.

1

To the extent that I am required to consider a certificate of appealability under 28 U.S.C.§ 2253(c)(2), none shall issue. Defendant has not made the required substantial showing of the denial of a constitutional right.

AND NOW, this 31st day of March, 2017, IT IS SO ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court