IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 10-233 |
| | ) |
| v. | ) |
| | ) |
| KEITH REDMAN JR. | ) |

## OPINION AND ORDER OF COURT

In March of 2012 the Defendant was sentenced to 268 months for Conspiracy to Distribute and Possess With Intent to Distribute Cocaine and Crack Cocaine. (ECF 762) He was designated as a "Career Offender." His projected release date is April 20, 2030 according to Inmate Locator. He seeks a reduction in his sentence seeking compassionate release pursuant to 18 U.S.C. § 3582. His initial pro se Motion and Addendum (ECF 1079, 1082) were supplemented by a counseled Motion. (ECF 1122) The Government has filed its Responses. (ECF 1080, 1124)

A court may reduce a term of imprisonment pursuant to 18 U.S.C. § 3582 if, having determined that the defendant has exhausted his administrative remedies, and after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that "extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13.[1] According to pertinent application notes, circumstances that might constitute extraordinary and compelling reasons include "a serious physical or medical condition."

---

[1] While the Sentencing Commission's policy statement is not dispositive, it constitutes "helpful guidance." Doolittle, 2020 U.S. Dist. LEXIS 127801, at *6.

1

Id. at comment. n. 1(A), (C). In addition, any reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling reasons" may exist based on the defendant's serious physical or medical condition, if that condition substantially diminishes his ability to provide self-care within the correctional facility environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, comment. n. 1(A)(ii). To merit compassionate release, Defendant must show more than concerns about possibly being exposed to or contracting the virus. *See, e.g., United States v. Kealoha*, No. 17-00555, 2020 U.S. Dist. LEXIS 117698, at *17 (D. Haw. July 6, 2020). Similarly, "the fact that COVID-19 is present in a correctional facility is not alone sufficient to qualify an inmate for compassionate release …." *United States v. Rader*, No. 17-0089, 2020 U.S. Dist. LEXIS 128835, at *8 (D. Md. July 22, 2020).

In this case, Defendant asserts that he suffers from a variety of medical issues, including pre-diabetes, hypertension, and kidney disease. Without deciding whether those conditions might otherwise have qualified as "extraordinary and compelling" reasons supporting a reduction in sentence, I find that they do not under the present circumstances. The Government has provided proof that the Defendant declined to be vaccinated against COVID-19 when presented with the opportunity to receive the Pfizer / BioNTech on March 24, 2021. (ECF 1124, Ex. A) According to the CDC, the Pfizer vaccine is "95% effective at preventing laboratory-confirmed COVID-19 illness in people without evidence of previous infection." CDC, Information about the Pfizer-BioNTech COVID-19 Vaccine, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html. Having declined vaccination, the Defendant "has

voluntarily declined to 'provide self-care' and mitigate [his] risk of a severe COVID-19 infection." *United States v. Jackson*, Crim. No. 7-40-2, 2021 WL 1145903, at * 2 (E.D. Pa. March 25, 2021). "There is no apparent medical reason" that the Defendant should not receive the vaccine. *Jackson*, 2021 WL 1145903, at * 2The Defendant noted that he had never had a severe allergy or an immediate allergic reaction to a vaccine. Rather, he simply "refused." The Defendant bears the burden of demonstrating his entitlement to relief. His unexplained refusal to accept a COVID-19 vaccination when offered negates any otherwise compelling medical reason for release. *Id. See also, United States v. Ortiz*, Crim. No. 18-264, 2021 WL 1422816, at * 4 (E.D. Pa. April 15, 2021) (recognizing that: if (i) a petitioner has a 'serious physical or medical condition' that poses risks which might constitute extraordinary and compelling circumstances justifying release, but (ii) he also refuses an available and highly efficacious vaccine that almost entirely mitigates those risks, then (iii) he can no longer be said to suffer from a serious physical or medical condition 'that *substantially diminishes [his] ability … to provide self-care within the environment of a correctional facility*.'") (italics in original); *United States v. Bautista*, Crim. No. 19-24, 2021 WL 1264596, at * 6 (E.D. Pa. Apr. 6, 2021 (the defendant's "refusal [of the Pfizer vaccine] undercuts the premises of his motion…."); *United States v. Robinson*, Crim. No. 16-94, 2021 WL 719658, at * (W.D. Pa. Feb. 23, 2021) (noting that the defendant's refusal to accept a proffered COVID-19 vaccine, "significantly undermines the foundational premises of his Motion."); *United States v. Jackson*, Crim. No. 15-260, 2021 WL 806366, at * 2 (D. Minn. March 3, 2021) ("Jackson's decision to refuse the vaccine flies in the face of any medical recommendation regarding the vaccines. While he is within his rights to refuse any

treatment he wishes to forego, he cannot simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk."); *United States v. McBride*, Crim. No. 19-07, 2021 WL 354129, at * 3 (W.D. N.C. Feb. 2, 2021) ("Defendant's refusal to take preventative measures undermines his assertion that extraordinary and compelling reasons exist to warrant his release from prison."); and *United States v. King*, Crim. No. 16-478-11, 2021 WL 736422, at * 2 (S.D.N.Y. Feb. 24, 2021) (defendant's refusal of Pfizer COVID-19 vaccine negates claim of extraordinary and compelling reasons).

Because the Defendant cannot demonstrate extraordinary and compelling reasons supporting release at this time, the Motion is denied.[2]

BY THE COURT:

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: May 3, 2021

---

[2] Given my holding in this regard, I need not consider the factors set forth in 18 U.S.C. § 3553(a).

4